# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46916-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DAVID R. BINGMAN, | |
| Appellant. | |

MAXA, J. – David Bingman appeals his convictions for three counts of second degree child molestation and two counts of fourth degree assault involving his 13-year-old daughter and his 12-year-old stepdaughter. He argues that the trial court erred under ER 404(b) by admitting evidence of internet browsing history on his computer showing websites relating to incest and father/daughter sex. We hold that the browsing history was admissible under ER 404(b) because it provided evidence of Bingman's lustful disposition toward his daughters and the trial court did not abuse its discretion in finding the evidence more probative than prejudicial. Accordingly, we affirm Bingman's convictions.

## FACTS

Bingman lived in Longview with his wife Nicole and their four children, including his daughter NB and his stepdaughter NL.[1] In June 2012, NL reported to Nicole that Bingman had molested her. According to NL, Bingman in separate incidents (1) touched her breast over her

---

[1] We refer to Nicole Bingman by her first name to avoid confusion. We mean no disrespect.

bra, (2) put his hand down the back of her pants and squeezed her butt, and (3) touched her breast under her bra and also touched her crotch area after putting his hand down the front of her pants. NL was 12 years old at the time.

NB later reported that Bingman also had molested her. According to NB, Bingman in separate incidents touched her breast over her shirt and touched her breast under her bra. NB was 13 years old at the time.

Following NL's disclosure, Nicole checked the browsing history on the computer that she shared with Bingman. She noticed that Bingman's internet history included "[s]ome pornographic sites that were not the normal pornographic sites he looked at." Report of Proceedings (RP) at 128. The history included several web sites that referenced father/daughter sex. Nicole photographed the history to show police. When she later returned to the computer after making a police report and after Bingman had been at the house, the browsing history had been deleted.

The State charged Bingman with five counts of second degree child molestation and one count of unlawful imprisonment.

Police later seized Bingman's computer pursuant to a search warrant. A detective with the Washington State Patrol High-Tech Crime Unit conducted an analysis of the computer's hard-drive. He "found quite a bit of Internet searches and Internet artifacts relating to incest, child pornography, child rape, and . . . stuff about father-and-daughter, father-and-child incest or rape." RP at 211-12.

In a pretrial motion, the State sought to introduce the evidence of Bingman's internet browsing history at trial to show his "lustful disposition" toward the victims, rebut any claim of mistake or accident, and to establish motive. In response, Bingman moved to suppress the

2

evidence under ER 403 and ER 404. The trial court determined that the browsing history showing websites involving father/daughter sex and incest were admissible to show Bingman's lustful disposition toward his daughters, but that other browsing history was inadmissible.

The jury found Bingman guilty of second degree child molestation on three of the five counts and guilty of the lesser offense of fourth degree assault on the other two molestation counts. The jury found Bingman not guilty of unlawful imprisonment. Bingman appeals his convictions.

## ANALYSIS

Bingman argues that the trial court erred in admitting the evidence of the internet browsing history under ER 404(b) because (1) there was insufficient evidence to connect him to the browsing history, (2) the evidence was not relevant to show a lustful disposition toward his daughters, and (3) the evidence was more prejudicial than probative. We disagree.

A.    LEGAL PRINCIPLES

Under ER 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, this evidence may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b).

One accepted "other purpose" under ER 404(b) is to show the defendant's motive and intent in cases involving sex offenses. *State v. Gresham*, 173 Wn.2d 405, 430 n.4, 269 P.3d 207 (2012). In such cases, the defendant's prior sexual misconduct may be admitted under ER 404(b) when it shows the defendant's "lustful disposition" directed toward the victim. *State v. Ray,* 116 Wn.2d 531, 547, 806 P.2d 1220 (1991). The evidence must reflect the defendant's sexual desire for the particular victim. *Id.* The purpose of this evidence "is not to demonstrate

3

the defendant's character but to demonstrate the nature of the defendant's relationship with and feelings toward the victim." *Gresham*, 173 Wn.2d at 430 n.4.

Before a trial court admits evidence under ER 404(b), it must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for admitting the evidence, (3) determine the relevance of the evidence to prove an element of the crime, and (4) weigh the probative value of the evidence against its prejudicial effect under ER 403. *State v. Gunderson,* 181 Wn.2d 916, 923, 337 P.3d 1090 (2014).

We review the trial court's interpretation of ER 404(b) de novo as a matter of law. *State v. Fisher,* 165 Wn.2d 727, 745, 202 P.3d 937 (2009). If the trial court interprets the rule correctly, we review the decision to admit evidence under ER 404(b) for abuse of discretion. *Id.* A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *State v. Hassan,* 184 Wn. App. 140, 151, 336 P.3d 99 (2014).

B.      APPLICABILITY OF ER 404(b)

1.    Finding that Misconduct Occurred

Bingman argues in his statement of additional grounds (SAG) that that there was insufficient evidence to connect him to the internet browsing history.

However, Nicole testified that the computer was in the bedroom that she and Bingman shared, and that she had not visited the pornographic sites. She testified that only one other person, her six-year-old son, used the computer and that she usually observed him playing games on it. Further, Nicole testified that she noticed that Bingman had been searching for "[s]ome pornographic sites that were not the normal pornographic sites he looked at." RP at 128. This indicates that Bingman used the computer to view pornography at least regularly enough for Nicole to consider some pornographic sites "normal" for him to visit.

In addition, Nicole testified that she checked the computer's internet browsing history once the police report had been made and after Bingman had been at the house. The history that she photographed had been deleted. This evidence is sufficient to create an inference that Bingman deleted the browsing history because he had generated the history and wanted to destroy evidence of that fact.

This evidence creates at least an inference that Bingman was the person who generated the browsing history at issue. Accordingly, we hold that there was sufficient evidence to support the trial court's finding that the misconduct occurred.

2.      Relevance to Show Lustful Disposition

Bingman makes two relevance arguments regarding the lustful disposition evidence. First, he argues that the internet browsing history was not admissible to show his lustful disposition toward the victims because there was no evidence regarding the actual images and videos he allegedly observed. However, the browsing history was relevant because it showed that Bingman was *searching* for websites involving incest and father/daughter sex. Whether he actually viewed those websites is immaterial.

Second, Bingman argues that the evidence is not relevant because there is no connection between the internet browsing history and the victims. He argues that lustful disposition evidence is admissible only if the prior sexual misconduct directly involved the victim.

There are cases stating the lustful disposition rule in terms of the defendant's sexual misconduct with the victim. *E.g.*, *State v. Thorne,* 43 Wn.2d 47, 60, 260 P.2d 331 (1953) (stating that "it is permissible to show prior acts of sexual misconduct with the offended female"); *State v. Guzman*, 119 Wn. App. 176, 182, 79 P.3d 990 (2003) (stating that "evidence of a defendant's prior sexual acts against the same victim is admissible to show the defendant's

lustful disposition toward that victim"). And in most of the cases allowing evidence of prior sexual misconduct, that misconduct involves the victim. *E.g.*, *Ray,* 116 Wn.2d at 546-47.

But the Supreme Court also has stated the lustful disposition rule more generally. In *State v. Ferguson*, the court stated that it had permitted "evidence of collateral sexual misconduct when it shows a lustful disposition directed toward the offended female." 100 Wn.2d 131, 133-34, 667 P.2d 68 (1983). Similarly, in *Ray* the Supreme Court "recognized that evidence of collateral sexual misconduct may be admitted under ER 404(b) when it shows the defendant's lustful disposition directed toward the offended female." 116 Wn.2d at 547. Under this language, the defendant's *lustful disposition* must be directed toward the victim, not the collateral sexual misconduct. This court implicitly acknowledged this distinction in *State v. Medcalf*, stating that "evidence showing lustful disposition should be admitted in a sex offense case only when it tends to show *such lustful inclination* toward the offended female." 58 Wn. App. 817, 823, 795 P.2d 158 (1990) (emphasis added).

Consistent with this more general statement of the rule, the Supreme Court in both *Ray* and *Ferguson* emphasized that the important factor for admissibility is whether evidence of prior sexual misconduct shows a sexual desire for the particular victim. *Ray*, 116 Wn.2d at 547; *Ferguson*, 100 Wn.2d at 134. Evidence showing a sexual desire for the victim is not necessarily limited to prior sexual misconduct involving that victim.

Here, Bingman's victims were his two daughters. And the internet browsing history involved a very specific category of persons – daughters having sex with their fathers. This evidence is relevant to show Bingman's lustful disposition toward his daughters. Under these narrow facts, the fact that the computer browsing did not actually involve his own daughters is immaterial.

We hold that Bingman's internet browsing history shows his lustful disposition toward his daughters and therefore is relevant to the charged crimes.[2]

3.    ER 403 Analysis

Bingman argues that even if the internet browsing history is relevant, the prejudicial effect of that evidence outweighs its probative value. ER 403 allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Prejudice is "unfair" if it is more likely to arouse an emotional response than a rational decision by the jury and creates an undue tendency to suggest a decision on an improper basis. *State v. Haq,* 166 Wn. App. 221, 261, 268 P.3d 997 (2012). We review a trial court's evidentiary rulings under ER 403 for an abuse of discretion. *Id.*

Here, as discussed above, the internet browsing history has strong probative value – it demonstrates Bingman's lustful disposition toward his daughters. The evidence also is prejudicial and could involve some "unfair" prejudice because jurors might be repulsed by Bingman's interest in father/daughter sex. However, the trial court balanced the probative value of this evidence against its prejudicial effect and determined that the evidence was admissible.

Under our abuse of discretion standard and the facts of this case, the trial court's balancing was not manifestly unreasonable. Therefore, we hold that the trial court did not abuse its discretion in making this determination.

_____

[2] The trial court also indicated, and the State argues, that the search history evidence might be admissible for the purpose of showing intent and sexual gratification as an element and rebutting Bingman's claims of accident or mistake. Because we hold that the evidence is admissible to show Bingman's lustful disposition, we do not address this argument.

CONCLUSION

We hold that the trial court did not err in admitting evidence of Bingman's internet browsing history under ER 404(b). Accordingly, we affirm Bingman's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
WORSWICK, J.

_____
BJORGEN, C.J.